LILY M. HEWAHEWA *v.* SOLOMON K. LALAKEA AND MOLLIE P. LALAKEA, DEFENDANTS, AND BANK OF HAWAII (HILO BRANCH), ET AL., GARNISHEES.

No. 2350.

PETITION FOR REHEARING.

FILED OCTOBER 24, 1939.          DECIDED DECEMBER 14, 1939.

PETERS AND KEMP, JJ., AND CIRCUIT JUDGE MATTHEWMAN IN PLACE OF COKE, C. J., ABSENT.

*Per Curiam.* This is a petition by the plaintiff-appellant for a rehearing. Our opinion in the case is reported, *ante,* p. 213. The petition in effect is a motion to amend the order of remand so that, instead of directing that the cause be remanded for further proceedings, consistent with the opinion, it direct that the cause be remanded for a new trial. For ground of rehearing the petitioner alleges: "The Decision and Judgment of the Circuit Judge, though apparently resting on the alternative grounds of lack of consideration and conditional delivery,

were actually supportable only on the ground of lack of consideration because on that ground alone was a dismissal with prejudice justified. Therefore, the ruling of fact by the Circuit Judge on the question of conditional delivery was superfluous and at the most obiter dictum. The exception as to consideration having been sustained, the cause should be remanded to the Circuit for a new trial. The question of conditional delivery is one of fact which may be correctly and consistently decided differently than at the previous trial on the basis of the new evidence to be adduced."

As heretofore stated in our opinion but two defenses to the note upon which the action was based were urged below, *viz.*, conditional delivery and failure of consideration. The trial court, jury waived, found for the defendants in the alternative upon both grounds, *i.e.*, conditional delivery and, if delivery were not conditional, failure of consideration. The plaintiff-appellant conceded that under the rule applicable to review by exceptions of findings of fact, jury waived, the evidence upon the issue of conditional delivery being conflicting, the finding of the trial judge thereon was not open for review but contended that from the evidence upon which the court predicated its finding of conditional delivery, it affirmatively appeared as a matter of law that the makers of the note waived the conditions imposed by them upon its delivery or by their acts and conduct estopped themselves from asserting the continued existence of such conditions. The exceptions of the plaintiff-appellant incorporating her contentions of waiver and estoppel were overruled. The exception of the plaintiff-appellant to the conclusion of the trial judge, that there was a failure of consideration, was alone sustained. The legal effect of sustaining this exception was to require that the judgment be amended by the trial

court so that instead of it being an absolute judgment in favor of the defendants it be one merely of dismissal of the action without prejudice. This, in our opinion, was clearly expressed in the following language of the opinion: "Under the circumstances the defendants were not entitled to judgment. At best the action on the note was premature. Where an action is brought prematurely the defendant is not entitled to judgment but merely to a dismissal of the action without prejudice. The contingency upon which the delivery of the note depends may ultimately occur, in which event the condition precedent to the validity of the note will be removed and the note become effective as a legal obligation for the payment by the makers of the amount thereof."

An amendment of the present judgment of the circuit court so that, as amended, it be a judgment of dismissal of the action, without prejudice, would be consistent with the views of this court heretofore expressed.

The petition for a rehearing is accordingly denied.